# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0738-21

B.E.S., III,

      Plaintiff-Respondent,

v.

E.E.,[1]

      Defendant-Appellant.

_____

Submitted September 29, 2022 – Decided October 6, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FV-08-0348-22.

Hark & Hark, attorneys for appellant (Michael J. Collis, on the briefs).

Tonacchio, Spina & Compitello, attorneys for respondent (Joseph Compitello, on the brief).

---

[1] We use initials to protect the parties' privacy and the confidentiality of these proceedings. R. 1:38-3(d)(9).

PER CURIAM

Plaintiff commenced this action, pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, based on an allegation that defendant assaulted him on August 29, 2021. At the conclusion of a final hearing at which both parties testified,[2] the judge rendered detailed findings of fact and entered a final restraining order (FRO) in plaintiff's favor.

On appeal, defendant raises the following arguments:

> I.      APPELLATE STANDARD OF REVIEW
>
> II.   THE COURT DID NOT PROVIDE THE PARTIES WITH THE CONSEQUENCES OF A FINAL RESTRAINING ORDER NOR DID IT ADVISE DEFENDANT OF HER RIGHT TO AN ATTORNEY. (Not Raised Below).[3]
>
> III.   PLAINTIFF DID NOT PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT'S ACTIONS CONSTITUTED A PREDICATE ACT OF ASSAULT UNDER N.J.S.A. 2C:12-1 (Not Raised Below).

---

[2] Plaintiff was represented by counsel at the hearing. Defendant was pro se.

[3] Contrary to defendant's position, the judge's opening statement provided detailed instructions on the consequences of being subject to an FRO, including that a violation could have criminal consequences and that defendant would have to be fingerprinted and photographed. In addition, the judge advised defendant of her right to seek an attorney and her ability to request a postponement should she elect to seek the advice of counsel.

A-0738-21

IV.  PLAINTIFF DID NOT PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT A FINAL RESTRAINING ORDER WAS NECESSARY FOR HIS PROTECTION UNDER SILVER V. SILVER.  (Not Raised Below).

V.  THE COURT RELIED ON INADMISSIBLE EVIDENCE FOR ITS DECISION, WARRANTING REVERSAL.  (Not Raised Below).

We find insufficient merit in defendant's contentions to warrant discussion in a written opinion.  Rule 2:11-3(e)(1)(E).  We add only the following, brief comments.

Our review of a trial judge's fact-finding is limited.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  A judge's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence."  Id. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

Deference is particularly warranted where, as here, "the evidence is largely testimonial and involves questions of credibility."  Id. at 412 (quoting In re Return of Weapons of J.W.D., 149 N.J. 108, 117 (1997)).  Such findings become binding on appeal because it is the trial judge who "sees and observes the witnesses," thereby possessing "a better perspective than a reviewing court in evaluating the veracity of witnesses."  Pascale v. Pascale, 113 N.J. 20, 33 (1988) (quoting Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)).  Therefore,

we will not disturb a trial judge's factual findings unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice[.]" Rova Farms, 65 N.J. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, we review de novo "the trial judge's legal conclusions, and the application of those conclusions to the facts." Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

The trial judge found plaintiff's testimony credible after observing "his body language, his behavior, his testimony, . . . [and] his eye contact." In addition, the judge found plaintiff's testimony consistent with the initial allegations contained in the complaint and not completely inconsistent with defendant's testimony. On the other hand, the judge did not find defendant's testimony credible.

The judge's determination that defendant assaulted plaintiff was squarely based upon plaintiff's credible testimony concerning the predicate acts, and his equally reliable testimony concerning defendant's past history of domestic violence. We find no principled reason for second-guessing this determination.

4

After careful examination of the record, we are also satisfied that this same evidence more than amply demonstrated the judge's determination that plaintiff needed an FRO to protect him and his four-year-old son from further acts of domestic violence. Silver v. Silver, 387 N.J. Super. 112, 126-27 (App. Div. 2006). In that regard, we reject defendant's contention that the admission of plaintiff's son's alleged hearsay statements warrants reversal. Defendant failed to object to the admission of these statements at the hearing and we conclude that their admission was not clearly capable of producing an unjust result. Rule 2:10-2. The judge placed scant reliance on the alleged hearsay statements. Rather, the judge primarily relied on plaintiff's testimony about the subject assault, defendant's prior assaultive behavior, and the inevitable future interactions between the parties who are soon-to-be co-parents.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0738-21